NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHELLE R. CARSON-POTTER,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1023

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2883, Judge William S. Greenberg.

---

Decided: May 12, 2022

---

MAXWELL DOUGLAS KINMAN, Alexander, Webb, and Kinman, Mason, OH, for claimant-appellant.

CATHARINE PARNELL, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; Y. KEN LEE, DEREK SCADDEN,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, *Chief Judge*, DYK and PROST, *Circuit Judges*.

MOORE, *Chief Judge*.

Michelle R. Carson-Potter appeals a memorandum decision of the United States Court of Appeals for Veterans Claims, which affirmed a Board of Veterans' Appeals decision not to reinstate Mrs. Carson-Potter's dependency and indemnity compensation (DIC) benefits. *Carson-Potter v. McDonough*, No. 20-2883, 2021 WL 3822020 (Vet. App. Aug. 27, 2021). Because the Veterans Court's decision is not contrary to Mrs. Carson-Potter's asserted equal protection rights under the Fifth Amendment, we *affirm*.

## BACKGROUND

Mrs. Carson-Potter married Michael David Carson in July 1985. Mr. Carson served in the Marine Corps from July 1984 through April 1996. He died on June 19, 2018, and had a 100 percent disability rating for at least the 10 years preceding his death. The Department of Veterans Affairs (VA) then granted Mrs. Carson-Potter DIC benefits as a surviving spouse. Mrs. Carson-Potter remarried at age 49 on October 8, 2018. Consistent with 38 U.S.C. §§ 101(3) and 103(d)(2)(B), the VA terminated her DIC benefits because she remarried before age 57.

Mrs. Carson-Potter filed a notice of disagreement alleging that the VA's termination of benefits discriminated against her based on age. The VA upheld its termination of DIC benefits, reasoning that Mrs. Carson-Potter was 49 when she remarried and was thus ineligible for DIC benefits.

Mrs. Carson-Potter appealed to the Board, which denied the reinstatement of her DIC benefits. The Veterans Court affirmed. Mrs. Carson-Potter appeals, arguing that the statutory framework governing DIC benefits violates her equal protection rights under the Fifth Amendment because it discriminates based on age.[1] We have jurisdiction under 38 U.S.C. § 7292(c).

## DISCUSSION

Under 38 U.S.C. § 7292(a), we may review a decision by the Veterans Court with respect to "the validity of . . . any statute or regulation . . . or any interpretation thereof . . . that was relied on by the [Veterans] Court in making the decision." Except to the extent an appeal presents a constitutional issue, we may not review the Veterans Court's application of law to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

A veteran's "surviving spouse" shall receive DIC benefits. 38 U.S.C. § 1311(a)(1). In general, a person who remarries is not a "surviving spouse." 38 U.S.C. § 101(3). However, "remarriage after age 57 of [a] surviving spouse of a veteran shall not bar the furnishing of [DIC] benefits." 38 U.S.C. § 103(d)(2)(B).

The parties agree that because Mrs. Carson-Potter challenges this statutory framework as unconstitutionally discriminating based on age, rational-basis review applies. Appellant's Opening Br. 14–15; Respondent's Br. 8–10. Under rational-basis review, "a classification must be upheld against [an] equal protection challenge if there is any

---

[1]    While there is no equal protection provision in the Fifth Amendment, the Supreme Court's "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment." *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975).

reasonably conceivable state of facts that could provide a rational basis for the classification." *Almond Bros. Lumber Co. v. United States*, 721 F.3d 1320, 1328 (Fed. Cir. 2013) (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)).  The challenger bears the burden of refuting every conceivable basis, regardless of whether that basis is in the record.  *Id.*  We will not set aside the government's "distinctions among classes of beneficiaries" to allocate funds "unless [it] is clearly wrong" and "a display of arbitrary power," "not an exercise of judgment." *Bowen v. Owens*, 476 U.S. 340, 345 (1986) (quoting *Mathews v. De Castro*, 429 U.S. 181, 185 (1976)).

Congress had a rational basis for allowing DIC benefits to continue when a veteran's spouse remarries after age 57.  First, as the government contends, older widows face greater challenges to remaining in the work force and, thus, are particularly dependent on DIC benefits to maintain their standard of living.  *See* Respondent's Br. 13 (quoting H.R. Rep. No. 107-472, at 9 (2002)).  Thus, the specter of losing DIC benefits would disproportionately disincentivize older widows from remarrying.  *See id.* at 12 (quoting 149 Cong. Rec. 24,327 (2003)).  Second, at the time Congress added the after-57 exception, the DIC benefits program was the last federal survivorship benefits program to not allow older widows to remarry and retain survivorship benefits.  *See* H.R. Rep. No. 108-211, at 11–12 (2003).  Finally, Congress drew the line at age 57 to balance its limited resources and its objective of removing disincentives to remarrying that disproportionately impact older widows.  Indeed, an earlier draft of the statute drew the line at age 65 due to budgetary constraints, and committee members acknowledged they preferred to draw the line at 55 but "could not do more at th[at] time." *See* 148 Cong. Rec. 8219 (2002); H.R. Rep. No. 107-472, at 19 (2002).  Together, these reasons provide a rational basis for the after-57 exception to the termination of DIC benefits upon remarriage.  *See, e.g.*, *Mass. Bd. of Ret. v. Murgia*, 427 U.S.

307, 316 (1976) (rejecting argument that mandatory retirement for police at 50 violates equal protection clause).

Mrs. Carson-Potter does not refute these bases. She instead argues that there is no meaningful difference between a widow who remarries after 57 and one who remarries before. *See* Appellant's Opening Br. 16–17. But it is not for us to reweigh Congress' choices. Congress had a rational basis for the line it drew to strike a balance between providing benefits and controlling its budget. *See Schweiker v. Wilson*, 450 U.S. 221, 238 (1981) ("Congress should have discretion in deciding how to expend necessarily limited resources."). Even if "the line drawn by Congress [is] imperfect, it is nevertheless the rule that in a case like this 'perfection is by no means required.'" *Vance v. Bradley*, 440 U.S. 93, 108 (1979) (quoting *Phillips Chem. Co. v. Dumas Sch. Dist.*, 361 U.S. 376, 385 (1960)) (holding that mandatory retirement at 60 did not violate equal protection). Congress had a rational basis for allowing DIC benefits to continue when a surviving spouse remarries after age 57 to the exclusion of others, thus we *affirm*.

## AFFIRMED

### COSTS

The parties shall bear their own costs.